UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES MULLINS**                                                                                    **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 3:07-CV-P105-H**

**LARRY D. CHANDLER et al.**                                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Charles Mullins, proceeding *in forma pauperis*, filed a civil-rights complaint (DN 1) and an amended complaint (DN 10).

**I. LETTER (DN 12)**

Subsequent to filing his complaint and amended complaint, Plaintiff filed a letter requesting that the Court halt collection of the filing fee (DN 12). He states in his letter that he had consulted an inmate legal aide who, either through ignorance of the law or through mis-advice, advised him to initiate legal proceedings for which relief cannot be granted. He also states that he takes numerous medications, some of which are for the control of psychological abnormalities, which diminished his ability to evaluate his civil-rights claims. Therefore, he requests that the Court halt collection of the filing fee.

The Court would construe this letter as a motion to dismiss except for two things: (1) dismissal would not relieve Plaintiff of his duty to pay the filing fee, which appears to be the real relief he desires; and (2) since filing this letter he has filed a letter asking for subpoena and summons forms (DN 13), thereby indicating an interest in continuing this action. The Court **construes** Plaintiff's letter requesting the cessation of the requirement to pay the filing fee as a motion requesting the same. However, even voluntary dismissal of this action would not relieve Plaintiff of his responsibility to pay his portion of the requisite filing fee in this action. *In re*

*Alea,* 286 F.3d 378, 381 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). The obligation to pay the filing fee attaches when a prisoner "brings a civil action." 28 U.S.C. § 1915(b)(1). Therefore, the Court hereby **DENIES** that motion (DN 12).

This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore*. For the reasons set forth below, the action will be dismissed.

## II. SUMMARY OF CLAIMS

The plaintiff is incarcerated at the Kentucky State Reformatory (KSR). He sues Warden Larry Chandler and Deputy Warden Paige McGuire in their individual and official capacities. His complaint alleges that on July 20, 2006, he was sitting in his wheelchair outside of his assigned dormitory when Defendants Chandler and McGuire entered the dormitory. He alleges that approximately one minute later Defendant McGuire came rushing out, agitated, and berated Plaintiff for smoking marijuana in his room. He further alleges that Defendant McGuire grabbed his wheelchair and rushed him into the dormitory where Defendant Chandler loudly berated him in front of Grand Jury members. He states that when he told Defendant Chandler that he does not smoke marijuana, Defendant Chandler told a lieutenant to search Plaintiff's room and lock Plaintiff up. Plaintiff contends that his room, wheelchair, and person were searched but no marijuana was found and that a "stick" test on his urine was negative for marijuana. However, he alleges, Defendant Chandler still insisted that Plaintiff be "'locked up'" and he was placed in disciplinary segregation overnight, although he was not issued a disciplinary report or found guilty at a disciplinary hearing. He alleges that his Due Process rights were violated and requests monetary and punitive damages of $50,000 each.

In his amended complaint, Plaintiff reiterates the allegations contained in his original

complaint. He adds claims that he was subjected to cruel and unusual punishment under the Eighth Amendment, that various Kentucky Constitution sections (13, 14, 109 and 112) were violated, and that the "Protection and Advocacy for Mentally Ill Individuals Act, ADA, U.S.C. 1387 et seq." and the "civil rights institutionalized Persons Act" were violated. He also claims that he was slandered and that Defendants inflicted pain on him. He now asks for $500,000 each in monetary and punitive damages and $1,000,000 for future damages for pain, suffering, and emotional damage and for future treatment from psychologists and psychiatrists. He requests costs and injunctive relief in the form of Defendants having to learn policies and procedures so that this will not happen again. Attached to Plaintiff's amended complaint are several exhibits, which have to do with the events surrounding and following the search for marijuana.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

*A.    Federal constitutional claims*

Plaintiff alleges violations of the Due Process Clause and the Eighth Amendment. Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes Plaintiff's claims under the constitutional amendments as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Here, all of the alleged harm to Plaintiff arose from being kept in segregation overnight and being yelled at by Defendants Chandler and McGuire. However, he has not alleged that those actions deprived him of a liberty interest as he has not alleged that he suffered any restraint which imposed an atypical or significant hardship in relation to his ordinary sentence.

The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property without due process of law. U.S. Const. Amend. XIV; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest

created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Here, Plaintiff does not allege any state-created liberty interest, and to the extent Plaintiff intended to plead that the Due Process Clause inherently gives rise to a protected liberty interest in his freedom from administrative segregation, that argument fails as "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478. The Sixth Circuit has repeatedly held that placement into administrative segregation is not a qualifying hardship. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995); *.Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

Plaintiff's allegations involving being shouted at and berated by Defendants Chandler and McGuire also fail to state a claim. There is "a de minimis level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment [or] deprive a prisoner of a protected liberty interest . . . ." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding verbal abuse, harassment, or arbitrariness do not amount to cruel and unusual punishment). The jail officials may have been unprofessional in their dealings with Plaintiff, but the Constitution does not require that custody officers treat inmates with the respect they feel they deserve. Therefore,

Plaintiff's constitutional claims will be dismissed as his allegations do not state a claim.

*B.     Claims under federal law*

Plaintiff's amended complaint refers to the Protection and Advocacy for Mentally Ill Individuals Act (PAMII) and the Civil Rights of Institutionalized Persons Act (CRIPA).

"PAMII Acts require that a state must establish a system to protect and advocate the rights of the disabled in order to qualify for federal monies, *see* 42 U.S.C. §§ 15043(a), 10805(a)." *Ky. Protection & Advocacy Div. v. Hall*, No. Civ. A. 3:01-CV-538-H, 2001 WL 34792531, at *1 (W.D. Ky. Sept. 24, 2001). Under the PAMII, a "system" established in a State to protect and advocate the rights of mentally ill individuals has the authority to pursue legal remedies. 42 U.S.C. § 10805(a). In Kentucky, this role is filled by the Kentucky Protection and Advocacy Division. *See* KRS § 31.010(2). The PAMII does not provide an individual a cause of action. Therefore, Plaintiff's claim under this act is frivolous.

The CRIPA, 42 U.S.C. §§ 1997-1997j, which permits the United States Attorney General to bring suit against the prison or state for deplorable conditions in prisons, does not provide a prisoner with a private cause of action. *Rudd v. Polsner*, No. 99-4466, 2000 WL 1206516, at *1 (6th Cir. Aug. 18, 2000). Plaintiff's claim under this act is likewise frivolous.

*C.     State-law claims*

Because the Court has dismissed the federal-law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c). Therefore,

Plaintiff's state-law claims for slander, for infliction of pain, and under the Kentucky Constitution will be dismissed without prejudice by separate order.

Date:


cc: Plaintiff, *pro se*
 Attorney General, Commonwealth of Kentucky
4412.009